Frank M. Fenton and Others, Respondents, v. Top Notch Farms, Inc., and Samuel G. Meeteer, Appellants, and The Washington County National Bank, Defendant. (Action No. 1.) Top Notch Farms, Inc., Appellant, v. Frank M. Fenton and Others, Respondents. (Action No. 2.) — Respondents have recovered a judgment for a down payment on a contract to purchase a farm, stock and machinery. The vendees refused to enter into possession upon the claim that the stock tendered did not comply with the contract or representations made by the vendor. The evidence sustains the finding that vendees' refusal was justified. Judgment unanimously affirmed, with costs in one action. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.

The National Savings Bank of the City of Albany, Respondent, v. Albert C. Hay, Appellant, and Others.— Judgment modified by deducting therefrom the sum of $147.35, and as so modified affirmed, without costs. Hill, P. J., Rhodes, Bliss and Heffernan, JJ., concur; Crapser, J., dissents, and votes to affirm the judgment appealed from.

Ellis Samuel and Irving Leavitt, Copartners, Doing Business under the Firm Name and Style of Save Supply Co., Respondents, v. Save Supply Corporation, Appellant.— Appeal from judgment enjoining defendant-appellant from using its corporate name or any name similar to it. Plaintiffs have been doing business since 1926 under their assumed business name and had filed certificates of such assumed business name in Schenectady in 1927 and Albany in 1933. They conducted their business in these places after the respective dates of filing. Their business is the manufacture and installation of window shades and the sale and installation of electric fixtures. Defendant was incorporated on January 29, 1934, and authorized, with a broad authorization, to transact business, which authorization would include a business similar to that of the plaintiffs. Since its incorporation defendant has conducted a plumbing supply sales business in Albany. In May, 1934, plaintiffs innocently attempted to incorporate under the name of defendant but their certificate of incorporation was rejected because of the conflict of names. There has been some confusion in the delivery of mail and telegrams in Albany. Judgment unanimously affirmed, with costs. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.

Grant Bement and Another, Copartners Engaged in Business under the Firm Name and Style of Bement Bros., and Grant Bement and Another, Copartners Engaged in Business under the Firm Name and Style of Kreider & Bement, Respondents, v. Cory C. Dean and Ruby J. Dean, Appellants.— Appeal, by the grantor and grantee in a deed, from a judgment recovered in an action brought by the judgment creditors, setting aside the transfer of a farm by a husband to his wife without consideration. The deed was set aside upon the ground that the transfer was made to hinder, delay and defraud present and future creditors. The deed was executed and acknowledged on February 24, 1928, but not recorded until January 6, 1932. The judgment recovered by one of the plaintiffs was upon a note originally given in 1927; the other on an obligation that arose in 1930. After the transfer there was no visible change in occupation. The property was still assessed to the husband, and the insurance upon the buildings was carried in his name. Judgment unanimously affirmed, with costs. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.